*105 Opinion of the Court, by
Cri. J. Boyle.
THE first and principal question which occurs in this case, is, whether the deed of conveyance made to Trotter and others by Grimes, in trust for the payment of his debts, is fraudulent and void as to,creditors.
(1) The deed isa transfer of ail-Grimes’estate, both real and personal, without exception, and neither of the trustees to whom it was made, was a creditor of Grimes, nor does it appear that his creditors were consulted, or that they consented to the convevante.
rat'cannot nf-toiwanli ob jeot;butcou-docs not'"if-ffiet the others.
-a considoratioil of five shit-lin-is, p,ml by in a dood of trust, is nn-derstood to and'dcK^'not protect it saiust chasers l>m"
(3) A credit- or whoso 1 mast liavepids-1 h meutand ex-edition before he can maintain a bill to sot asi lo a fraudulent deed.
(4) A credit- or who has a fraudulent deed properly set aside for thosnlis-fuctisnofotis demand,can-ítaiíotlíer*0 purely fegai, and of which-ob'y at™* law.
*106 The trustees, in their answer, allege, indeeá, that they accepted of'the trust at the request of s'ome of the creditors; but there is in the cause, no proof of the fact.
And were it admitted to he true, it could not affect tilose creditors who had hot made such request, nor oth- ...... . . ., 1 e'rwise given their consent to the conveyance.
It is, to be sure, reasonabie that the creditors who ct.rlsen(; j,0 a conveyance of this sort, should be bound thereby, and ought not to be permitted afterwards to object to it; but. it is plain that they could not bind creditors whodidinot consent to the conveyance, ant^ **• 's pretended that Combs, the complainant, or those of whom he is the assignee, ever consented to Uie-deed of trust in this case, either before or after its RXe°aiion. Tne deed of trust, therefore, must be as-snmed to be made by Grimes to strangers, and not to creditors, for the payment of his debts, and such a deed *3 r,l£ireiv' voluntary and without consideration,
(2) Ti>e deed omits face purports to be made for the consideration of five shillings paid by the trustees; but (|lat5 although sufficient to pass the title as to Grimes, is evidently but a nominal consideration, and the deed, notwithstanding, as to creditors and purchasers, must [ie taken to be voluntary, and as to them deemed, iu fraudulent and void. This is (he doctrine of the English books under their statutes of Elizabeth, of sim-import to the statute of this State against frauds aiJd perjuries. Robertson Fraudulent Conveyances, 429-30, and the cases there cited.
The next question which occurs in the case, is, whether the complainant is such a creditor, and to what extent lie is such, as can avail himself of the ob-jecUon to the deed, on the score of its being fraudulent as to creditors.
(3) Tiie doctrine is incontrovertibl}'- established, that a creditor whose claim is of a purely legal charac- ■ ter, and therefore cognizable in a court of law, must, in order to place himself in an attitude to lake advantage of a deed, on the ground of its being fraudulent, sue at law and recover judgment, and issue execution thereon. In this case, the complainant alleges in his original bill, and the allegation is verified by the record, that he had obtained judgments upon Mo notes and issued executions thereon, and delivered them to the sheriff, who *107 returned no property found.- This, as to those claims, was all that ho was required to do.
CO Are the olILSw der a deed of trust> neces- ^ set it aside í'cmicl'í
^ ^editor-jn a deed of trust are not. sary parties to a bill to set ^sir^e-doesnot appear from the bilb th;|t oosaary^ar-6"' tins'omitted, itcan be la-' J*j°"1 by plea or an-swerdisclos-ir's,the-names 011 the ob¡oe-Won.1
Ilaggin, Huston and Sharp, for plaintiffs; Crittenden &»cj Breckinridge, for defendants..
(4) But in an. amended bill, he sets up a demand for a considerable sum, upon another note, and an opeuac-count against Grimes, upon which no suit had been prosecuted at law.. These were claims of a purely legal nature, and cognizable-in .a court of law, and there is no fact alleged which conduces to show that there was any thing to hinder or obstruct a .recovery thereon of a judgment at law. But the circuit court has creed those demands to be paid to the complainant, as well as the amount of hia judgment,at 'law.' The d-c-cree, therefore, so far as it relates to those claims, is clearly erroneous.
Another question which is made in the case, is, whetlv er the other.creditors of.Grirnes.w.ere. necessary parties to the Sait.
(5) Whether, in any case, the creditors claiming der a deed are necessary parties to a suit-brought toset aside the deed on the ground of its being fraudulent, is a point we do, not think material to he decided in this ease; for be that as it may, the objection for.the w.ant parties, cannot be availing*
(6) There are no creditors named in the deed, and it doesnot appear from the bill who are creditors, or, in fact, whether there are, iu truth, any creditors or not who are not parties; and where it does not appear from the face of a bill, that there are others who ought to be parties, but are not, the objection can only be taken by. plea or answer, disclosing who aré proper parties, and relying upon the objection; but here this matter was not noticed in the court below, and is, for the first t-ime, relied on in this cgnrt. '
The decree must be reversed with costs, and the cause remanded that a decree may be. entered, not inconsistent herewith.